*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 17-BG-369

IN RE PHOEBE LESLIE DEAK, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 454829)

On Report and Recommendation
of the Board on Professional Responsibility
(DDN 504-10)

(Decided December 14, 2017)

Before FISHER and EASTERLY, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: In this case, an Ad Hoc Hearing Committee found by clear and convincing evidence that respondent Phoebe Leslie Deak engaged in misappropriation of funds while representing a client in Virginia. Specifically, the committee found that Ms. Deak obtained funds from her client to secure the services of an expert witness but instead deposited the funds into her overdrawn operating account, with the result that the check given to the expert as payment for

services was rejected due to insufficient funds.  Further, the Committee found that Ms. Deak paid for personal expenses with these entrusted funds.  The Committee determined that Ms. Deak had violated Rules 1.15 (a)(1) and 1.15 (b)(5) of the Virginia Rules of Professional Conduct—applicable pursuant to the choice of law provision in Rule 8.5 (b) of the District of Columbia Rules of Professional Conduct—and that her conduct at a minimum amounted to reckless behavior.  In the absence of any mitigating evidence, the Hearing Committee recommended that Ms. Deak be disbarred.

Neither Disciplinary Counsel nor Ms. Deak filed exceptions to the Committee's findings or recommended sanction, and the Board on Professional Responsibility, after review of the record, also recommended that Ms. Deak be disbarred.  No exceptions were filed to the Board's recommendation.

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes

even more deferential."). We discern no reason to depart from the Board's recommendation, which conforms to our precedent. *See In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc) ("We now reaffirm that in virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence."); *cf. In re Anderson*, 778 A.2d 330, 339 (D.C. 2001) (where respondent's misappropriation of funds was not reckless, no presumption of disbarment).

Accordingly, it is

ORDERED that Phoebe Leslie Deak is hereby disbarred from the practice of law in the District of Columbia. For the purposes of reinstatement, Ms. Deak's period of disbarment will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14 (g).

*So ordered.*