*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-BS-1462

FILED 02/08/2018
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

IN RE M. ADRIANA KOECK,

AKA ADRIANA SANFORD, RESPONDENT.

An Administratively Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 439928)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN 260-08)

(Decided February 8, 2018)

Before FISHER,[*] BECKWITH, and EASTERLY, *Associate Judges*.

PER CURIAM: In this case, the Board on Professional Responsibility has adopted the Ad Hoc Hearing Committee's uncontested findings that respondent M. Adriana Koeck violated Rule of Professional Conduct 1.6 (a) when she improperly disclosed confidences and secrets of her former employer to a

---

[*] Judge Fisher concurs in the judgment only.

newspaper reporter. In addition, the Board has determined that respondent violated Rule 1.6 (a) by making separate disclosures of confidences to the United States Attorney's Office for the Northern District of Illinois, the government of Brazil, and the Securities and Exchange Commission. Based on its determination that Respondent committed four separate rule violations, the Board has recommended a sixty-day suspension with a fitness requirement. (The Hearing Committee recommended a thirty-day suspension with a fitness requirement.) Respondent did not participate in these disciplinary proceedings at any stage, and she did not file any exceptions to the Committee's report or to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We discern no reason to depart from the Board's determination of misconduct to the extent it is based on the Committee's findings, adopted by the Board, that respondent disclosed the confidences of a prior client to a newspaper reporter, provided no defense for her disclosure, and did not respond

to Disciplinary Counsel's request for information. *See In re Burton*, 472 A.2d 831, 846 (D.C. 1984) (Disciplinary Counsel must prove each violation, and, if respondent raises a defense to the disclosure of confidential client information, Disciplinary Counsel must establish the defense does not apply.). Moreover, the Board's recommended sanction—a sixty-day suspension with a fitness requirement—is reasonable in light of the facts supporting this single violation of Rule 1.6 (a), *see, e.g.*, *In re Martin*, 67 A.3d 1032, 1053 (D.C. 2013) (in determining the appropriate sanction, the court considers the seriousness and extent of the conduct and respondent's response to the allegations); *In re Cater*, 887 A.2d 1, 6 (D.C. 2005) (to impose a fitness requirement the record must contain clear and convincing evidence that casts doubt on attorney's fitness to practice law), and Ms. Koeck's failure to object to discipline by this court in any measure.

Accordingly, it is

ORDERED that M. Adriana Koeck is hereby suspended for a period of sixty days with reinstatement subject to a showing of fitness. For the purposes of reinstatement respondent's period of suspension will not begin to run until such

time as she files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14 (g).

*So ordered.*