*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-66

FILED 04/05/2018
District of Columbia
Court of Appeals

*Julio Castillo*
Clerk of Court

IN RE CARY CLENNON, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 366816)

On Report and Recommendation
Of the Board on Professional Responsibility
(Board Docket Number 16-BD-078)
(DDN-236-15)

(Decided April 5, 2018)

Before THOMPSON and EASTERLY, *Associate Judges*, and FERREN, *Senior Judge*.

PER CURIAM: In this case, the Board on Professional Responsibility has adopted the Ad Hoc Hearing Committee's uncontested findings that respondent Cary Clennon failed to represent a criminal defendant after being appointed to represent him under the Criminal Justice Act, and made factual misrepresentations to both his client and the Court in violation of the Rules of Professional Conduct 1.3 (a), 1.3 (c), 1.4 (a), 1.4 (b), 3.3 (a)(1), 8.4 (c), and 8.4 (d). Before the Hearing Committee, Mr. Clennon stipulated to facts supporting the violations and expressed remorse and confidence that he would not repeat these actions in the

future. The Hearing Committee recommended that Mr. Clennon be suspended for a period of sixty days, stayed in favor of a one-year probationary period during which he must meet certain conditions. Neither Mr. Clennon nor Disciplinary Counsel filed any exceptions to the Committee's report.

In light of this record, the Board recommends that this court determine that Mr. Clennon violated District of Columbia Rules of Professional Conduct 1.3 (a), 1.3 (c), 1.4 (a), 1.4 (b), 3.3 (a)(1), 8.4 (c), and 8.4 (d). The Board further recommends that the Court accept the Hearing Committee's recommendation that Mr. Clennon be suspended for a period of sixty days stayed in favor of a one-year probationary period during which he must meet certain conditions. Neither Mr. Clennon nor Disciplinary Counsel has filed an exception to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We discern no reason to depart from the Board's

recommendations, particularly in light of Mr. Clennon's stipulations of fact. *See In re Burton*, 472 A.2d 831, 846 (D.C. 1984) (Disciplinary Counsel must prove each violation and if respondent believes that a defense exists and raises the defense, Disciplinary Counsel must establish the defense does not apply). Those stipulations justify the discipline recommended by the Board. *See, e.g.*, *In re Francis*, 137 A.3d 187 (D.C. 2016) (thirty-day suspension stayed in favor of a six-month probation for failure to communicate with a client causing prejudice to the client's case); *In re Askew*, 96 A.3d 52 (D.C. 2014) (six-month suspension, with all but sixty days stayed, and supervised probation for one year for failing to represent a CJA defendant on appeal, failing to cooperate with successor counsel, and testifying dishonestly before the Hearing Committee).

Accordingly, it is

ORDERED that Cary Clennon is hereby suspended for a period of sixty days, stayed in favor of a one-year probation. During the probationary period Mr. Clennon shall not commit any further Rule violations and shall comply with the conditions listed below. If Mr. Clennon violates any of the conditions,

Disciplinary Counsel may petition for imposition of the stayed suspension. Mr. Clennon's probation is subject to the following additional conditions:

1. Within thirty days from the date of this order, Mr. Clennon shall make the necessary arrangements to attend the two-day ("Basic Training") course taught by Dan Mills of the District of Columbia Bar Practice Management Advisory Service and shall attend the training within the first seven months after the date of this order. Mr. Clennon shall present to Disciplinary Counsel, within ten days of completion of the course, documentation showing attendance and completion.

2. Mr. Clennon must attend three hours of Continuing Legal Education that has been approved by Disciplinary Counsel and submit documentation of attendance and completion of the coursework within ten days of completion.

*So ordered.*