*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-BG-663

FILED 04/26/2018
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

IN RE CYNTHIA S. MALYSZEK, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 396875)

On Report and Recommendation
Of the Board on Professional Responsibility
(BDN 334-09, BDN 101-07 & BDN 10-14)
(Board Docket Nos. 13-BD-102 & 14-BD-98)

(Decided April 26, 2018)

Before GLICKMAN, EASTERLY, and MCLEESE, *Associate Judges.*

PER CURIAM: In this case, the Board on Professional Responsibility concurred with the Ad Hoc Hearing Committee's findings and recommended discipline. In its report, the Board acknowledged that the Ad Hoc Hearing Committee found that respondent Cynthia Malyszek had committed numerous violations in the course of her representation of three clients; however, in accepting the recommendation of disbarment the Board relied on the factual findings that respondent engaged in at least reckless misappropriation of client funds in the

Mills matter.[1]  Specifically, respondent failed to deposit the retainer she received from her client Ortez Mills into a trust account and instead commingled the unearned fees with her own funds in her operating account.  Further, although respondent had only earned part of the retainer, the operating account fell far below the amount owed to Mr. Mills and was overdrawn on a day when, as respondent acknowledged, she owed Mr. Mills $990 in unearned fees.  Finally, respondent failed to return the unearned fees to Mr. Mills upon his request, resulting in his contacting Disciplinary Counsel.

In light of this record, we agree with the Board's determination that respondent recklessly misappropriated entrusted client funds.  *See In re Edwards*, 990 A.2d 501, 518-19 (D.C. 2010) (misappropriation occurs when the balance of the account falls below the amount owed to the client).  The presumptive discipline for reckless misappropriation is disbarment.  *See, e.g., In re Addams*, 579 A.2d 190, 193 (D.C. 1990) (en banc).

---

[1]  In the Mills matter the Hearing Committee found that respondent misappropriated client funds in violation of the Rules of Professional Conduct 1.15 (a) & (b), 1.16 (d), and 5.3 (b) & (c).  The Hearing Committee further found that the facts established that the misappropriation was at least reckless and that no circumstances existed to justify straying from the presumed penalty of disbarment. The Hearing Committee therefore concluded that respondent should be disbarred.

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). While respondent did file exceptions, she failed to file her brief as directed, and most of her exceptions focus on the two matters that were not relied on by the Board to support its recommended sanction. As to the Mills matter, respondent merely asserted that the recommended discipline of disbarment was too harsh; her exceptions do not address her actions in the Mills case and fail to provide a basis for this court to depart from the Board's recommendation.

Accordingly, it is ORDERED that respondent Cynthia Malyszek is hereby disbarred. For purposes of reinstatement the period of respondent's disbarment will not begin to run until such time as she files a D.C. Bar R. XI, § 14 (g) affidavit.

*So ordered.*