*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

FILED 06/7/2018
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

No. 17-BG-691

IN RE DOUGLAS A. KUBER, RESPONDENT.

A Suspended Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 423238)

On Report and Recommendation
Of the Board on Professional Responsibility
(DDN 98-17)

(Decided June 7, 2018)

Before FISHER and BECKWITH, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: In this case, the Board on Professional Responsibility has recommended that respondent Douglas Kuber be disbarred from the practice of law after he pled guilty to conspiracy to commit wire fraud, a crime of moral turpitude. Neither respondent nor Disciplinary Counsel filed any exceptions to the Board's report. However, in response to a previously imposed suspension pursuant to D.C. Bar R. XI § 10 (c), respondent filed his D.C. Bar R. XI § 14 (g) affidavit on August 7, 2017.

Under D.C. Bar R. XI § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We have previously held that both mail and wire fraud are *per se* crimes of moral turpitude. *See, e.g.*, *In re Bryant*, 46 A.3d 402 (D.C. 2012). We have further held that a conviction for conspiracy to commit a crime of moral turpitude is a crime of moral turpitude. *See, e.g.*, *In re Lickstein*, 972 A.2d 314, 316 (D.C. 2009). In this case, because respondent has been convicted of a crime of moral turpitude, the appropriate sanction is to disbar him from the practice of law. *See In re Colson*, 412 A.2d 1160, 1165 (D.C. 1979) (en banc).

Accordingly, it is

ORDERED that Douglas A. Kuber is hereby disbarred from the practice of law, *nunc pro tunc* to August 7, 2017.

*So ordered.*