*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-508

FILED 10/18/2018
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

IN RE LESLIE ARNOLD THOMPSON, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 473388)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN 201-15)

(Decided October 18, 2018)

Before FISHER and THOMPSON, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility concurred with the Ad Hoc Hearing Committee's findings that respondent Leslie Arnold Thompson had violated Rule 8.4 (d) of the District of Columbia Rules of Professional Conduct and D.C. Bar R. XI, § 2 (b)(3) because he "delayed in responding to Disciplinary Counsel's inquiry letter regarding a disciplinary complaint, failed to respond to a subpoena *duces tecum* for his client file and his financial records, and failed to comply with a [c]ourt order compelling him to respond to Disciplinary Counsel's subpoena." The Board also agreed that respondent should be suspended

for thirty days. However, unlike the Committee, the Board recommended that respondent be required to show fitness as a condition for reinstatement to the practice of law.

A key reason the Hearing Committee did not recommend a fitness requirement was that respondent's misconduct occurred in a single matter. However, on December 21, 2017, respondent was temporarily suspended pursuant to D.C. Bar R. XI, § 3 (c) after he failed to respond to Disciplinary Counsel's requests for information in a separate disciplinary investigation. The Board noted that this suspension was not known when the Committee issued its report and that "[t]he premise on which the Hearing Committee based its analysis has been overcome by events." The Board found that it could consider this new fact and that the repetitive nature of respondent's misconduct provided clear and convincing evidence that cast a serious doubt upon respondent's continuing fitness to practice law. *See, e.g.*, *In re Guberman*, 978 A.2d 200 (D.C. 2009); *In re Cater*, 887 A.2d 1 (D.C. 2005).

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also*

*In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Mr. Thompson has not participated in any phase of this disciplinary action, and he has failed to file either a response to the court's order to show cause or exceptions to the Board's Report and Recommendation. We therefore consider the underlying factual findings to be uncontested. The record supports the findings of misconduct accepted by the Board, and we discern no reason to depart from the Board's recommendation to impose a thirty-day suspension with a fitness requirement.

Accordingly, it is

ORDERED that Leslie Arnold Thompson is hereby suspended from the practice of law in the District of Columbia for thirty days and his reinstatement is conditioned on a showing of fitness. For purposes of reinstatement the period of respondent's suspension will not begin to run until such time as he files an affidavit that complies with D.C. Bar R. XI, § 14 (g).

*So ordered.*