*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 20-BG-380**

IN RE WILLIAM F. BURTON

**2020 DDN 108**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 431812**

BEFORE: Thompson and Deahl, Associate Judges, and Nebeker, Senior Judge.

### O R D E R
(FILED— August 27, 2020)

On consideration of the certified order from the state of Virginia suspending respondent from the practice of law in that jurisdiction by consent for a period of one year and one day with reinstatement conditioned on satisfying the imposed conditions; this court's June 22, 2020, order suspending respondent pending resolution of this matter and directing him to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel wherein he requests that this court impose a substantially different discipline and require a showing of fitness for reinstatement; and no response having been filed by respondent; and it appearing respondent has not filed his D.C. Bar R. XI, §14(g) affidavit, it is

ORDERED that William F. Burton is hereby suspended from the practice of law in the District of Columbia for a period of one year and one day with reinstatement contingent on a showing of fitness and compliance with the conditions imposed by the state of Virginia. See D.C. Bar R. XI, § 11(c)(4). Respondent's extended neglect of his client, his numerous instances of dishonesty, as well as his failure to cooperate with both the state of Virginia and this jurisdiction in

disciplinary investigations establish a serious doubt that respondent is fit to practice law; thereby supporting the imposition of a fitness requirement prior to reinstatement. *See, e.g., In re Thompson*, 195 A.3d 64, 64-65 (D.C. 2018) (respondent's continued failure to cooperate with disciplinary investigations may be considered when imposing discipline); *In re Cater*, 887 A.2d 1, 24 (D.C. 2015) (discussing the considerations for imposing a fitness requirement). It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**