*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-803

IN RE JAY S. WEISS, RESPONDENT.

An Active Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 29652)

On Report and Recommendation
of the Board on Professional Responsibility
(DDN 437-12)

(Submitted September 11, 2019            Decided October 17, 2019)

Before BLACKBURNE-RIGSBY, *Chief Judge*, BECKWITH, *Associate Judge,* and WASHINGTON, *Senior Judge.*

PER CURIAM: The Board on Professional Responsibility adopted the Ad Hoc Hearing Committee's finding that respondent, Jay S. Weiss, violated District of Columbia Rules of Professional Conduct 1.1(a), 1.1(b), 1.3(a), 1.3(c), 1.4(a), 1.4(b), and 8.4(c), and recommended that respondent be suspended from the practice of law for ninety days. The Committee found that after respondent agreed to represent his client in a civil dispute, he failed to do any substantive work on the matter and repeatedly misled his client about the status of the case. In response to the client's multiple inquiries into respondent's progress, respondent consistently maintained that he was advancing the client's interests, including stating falsely

that a suit on the client's behalf had been filed. Respondent also told the client that he secured a $10,000 settlement offer when, in fact, no settlement offer had been obtained. Respondent further provided false testimony before the Committee in an attempt to deceive the Committee about his conversations with the client.

Both respondent and Disciplinary Counsel filed exceptions to the Board's report, but later submitted a joint motion to withdraw the parties' exceptions, which we granted.[1]  Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential.").  We have reviewed the record and conclude that the Board's findings of fact are supported by substantial evidence of record, and its recommended disposition is warranted. *See In re Viehe*, 762 A.2d at 543.

---

[1]  We also ordered the matter to be submitted for decision, without oral argument by either party.

Accordingly, it is ordered that respondent, Jay S. Weiss, is suspended from the practice of law in the District of Columbia for ninety days. The period of respondent's suspension shall run from the date on which he files the affidavit required by D.C. Bar R. XI, § 14(g). We direct respondent's attention to the responsibilities of suspended attorneys set forth in D.C. Bar R. XI, §§ 14 and 16.

*So ordered.*