**In re Karl W. VIEHE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–964.**

District of Columbia Court of Appeals.

Submitted Sept. 12, 2000.

Decided Nov. 22, 2000.

---

Before STEADMAN, FARRELL and GLICKMAN, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility ("the Board") recommends the disbarment of respondent, Karl W. Viehe, for serious violations of the District of Columbia Rules of Professional Conduct in the course of representing two clients in a real estate transaction. In particular, the Board found that respondent intentionally misappropriated client funds accompanied by deliberate dishonest acts and misrepresentations in violation of Rules 1.15(a) and 8.4(c),[1] and violated Rule 1.8(a) by entering into a business transaction with the clients without making the necessary disclosures or obtaining the clients' written consent

Respondent assisted and advised a husband and wife team of ice skaters from the former Soviet Union, who moved to the United States some time after 1992, with various legal matters. In April 1993, the couple decided to purchase real estate in Washington, D.C. However, because they were leaving on tour and would not be able to complete the transaction in person, they authorized respondent to deal with the seller on their behalf. To achieve this end, the husband, without signing an engagement letter or a retainer agreement, gave respondent five signed checks from the couple's joint checking account, without writing in a payee or amount, to be used to complete the real estate transaction. After using two checks for $10,000 each as a deposit on the property, respondent wrote himself and used for his own purposes two additional checks totaling $77,500. Although he self-characterized this action as a loan, he took the funds without any proper agreement nor disclosure of his perilous financial situation. To date, respondent has only returned $10,000, constituting a portion of the deposit in the now-canceled real estate transaction. Based on these and other facts in the record, the Board issued its report and recommendation that respondent be disbarred, with restitution as a condition to any reinstatement. Bar Counsel has informed the court that she takes no exception to the Board's conclusions, and no opposition has been filed by respondent.

This court will accept the Board's findings as long as they are supported by substantial evidence in the record and will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar Rule XI, § 9(g)(1). When, as here, there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential. *See In re Goldsborough*, 654 A.2d 1285,

---

[1]. The Board believed that certain acts of respondent were criminal in nature, but recognized that the question whether a violation could thus be found of Rule 8.4(b) might implicate the scope of our decision in *In re Stiller*, 725 A.2d 533, 539–40 (D.C.1999). We need not address that issue because, as the Board indicates, the found violations of the other provisions of the Rules without more warrant disbarment.

1288 (D.C.1995). It is the long-standing rule in this jurisdiction that intentional or reckless misappropriation of client funds will result in disbarment, save perhaps for extraordinary circumstances not present here. *In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc). An unauthorized "loan" constitutes misappropriation. *In re Pierson,* 690 A.2d 941, 947 (D.C.1997). On this record and in the absence of any exceptions, we accept the recommendation of the Board. Accordingly, it is

ORDERED that respondent, Karl W. Viehe, is disbarred from the practice of law in the District of Columbia, with any reinstatement conditioned on payment of full restitution with interest. Respondent's attention is drawn to the requirements of D.C. Bar R. XI, § 14 and their relationship to the timing of the right to reinstatement set forth in D.C. Bar R. XI, § 16(c).