*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-BG-119

IN RE SQUIRE PADGETT, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 206128)

On Report and Recommendation
of the Board on Professional Responsibility

(DDN 374-13, *et al.*)

FILED 05/18/2017
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

(Decided May 18, 2017)

Before FISHER and EASTERLY, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: Having found by substantial evidence that respondent Squire Padgett violated D.C. Rules of Professional Conduct 1.3 (a), (b)(2) & (c); 1.4 (a) & (b); 1.5 (b); 5.1 (a) & (b) & (c)(2); 8.4 (b), (c), & (d); 1.15 (a) & (d); and 1.16 (d), as well as D.C. Bar Rule XI, § 2 (b), the Board of Professional Responsibility ("the Board") recommended that Mr. Padgett be disbarred from the practice of law in the District of Columbia. The Board found that Mr. Padgett, among other things, engaged in intentional misappropriation. This court has a long-standing rule that

intentional or reckless misappropriation of client funds will result in disbarment. *See, e.g.*, *In re Viehe*, 762 A.2d 542, 544 (D.C. 2000). Additionally, in the course of representing at least two clients, Mr. Padgett misappropriated client funds and engaged in repeated acts of dishonesty and misrepresentation by participating in the scheme to present the false settlement agreements as legitimate.

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the Court will enter an order imposing the discipline recommended by the Board upon expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d at 543 ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Neither Mr. Padgett nor Disciplinary Counsel has filed an exception to the Board's Report and Recommendation.

Accordingly, it is ORDERED that Squire Padgett is disbarred from the practice of law in the District of Columbia. We direct Mr. Padgett's attention to the requirements of D.C. Bar R. XI, § 14 (relating to disbarred and suspended attorneys) and § 16 (relating to eligibility for reinstatement).

*So ordered.*