*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-BG-202

FILED **12/7/2017**
District of Columbia
Court of Appeals

*Julio Castillo*
Clerk of Court

IN RE JEJOMAR UNTALAN, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 978229)

On Report and Recommendation
Of the Board on Professional Responsibility
(BDN 081-13)
(Board Docket No. 15-BD-024)

(Decided December 7, 2017)

Before FISHER and EASTERLY, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: In this case, the Board on Professional Responsibility has adopted the Ad Hoc Hearing Committee's uncontested findings that respondent Jejomar Untalan ignored multiple orders of this court to file a brief in each of seven separate criminal or juvenile matters in which he had been appointed as counsel pursuant to the Criminal Justice Act (CJA). The Board has also accepted the Ad Hoc Hearing Committee's consideration of certain mitigating evidence:

Mr. Untalan's stress related to marital difficulties; his lack of prior disciplinary issues; and his steps to voluntarily close his practice, transfer his remaining cases, and assist in the transfer of client records.

In light of this record, the Board recommends that this court determine that Mr. Untalan violated District of Columbia Rules of Professional Conduct 1.1 (a), 1.1 (b), 1.3 (a), 1.3 (b)(1), 1.3 (c), 3.4 (c), and 8.4 (d). The Board further recommends that Mr. Untalan be suspended for a period of six months, all but sixty days stayed in favor of a one-year period of probation subject to the following conditions: Mr. Untalan shall (1) notify Disciplinary Counsel and the Board at least ninety days prior to resuming the practice of law; (2) consult with the D.C. Bar's Lawyer Assistance Program at least once during the probationary period and waive confidentiality to allow Disciplinary Counsel to confirm compliance; (3) undergo an assessment by the D.C. Bar's Director for the Practice Management Advisory Service, or his designee, implement any recommendations, and sign a limited waiver permitting the program to confirm compliance with this condition and cooperation with the assessment process; (4) not commit any additional Rule violations during the period of probation; and (5) report to a practice monitor and waive confidentiality to permit Disciplinary Counsel to confirm his compliance with the monitoring condition if he resumes the practice of

law during the period of probation. Neither Mr. Untalan nor Disciplinary Counsel has filed an exception to the Board's Report and Recommendations.

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We discern no reason to depart from the Board's recommendations, particularly in light of our previous determination that the extended neglect of CJA clients demonstrates a failure to competently, diligently, and zealously represent one's clients, and a failure to respond to court orders interferes with the administration of justice and justifies the discipline recommended by the Board. *See, e.g.*, *In re Murdter*, 131 A.3d 355, 357 (D.C. 2016); *In re Askew*, 96 A.3d 52,60 (D.C. 2014).

Accordingly, it is

ORDERED that Jejomar Untalan is hereby suspended from the practice of law in the District of Columbia for a period of six months, all but sixty days stayed in favor of a one-year period of probation subject to the following conditions: Mr.

Untalan shall (1) notify Disciplinary Counsel and the Board at least ninety days prior to resuming the practice of law; (2) consult with the D.C. Bar's Lawyer Assistance Program at least once during the probationary period and waive confidentiality to allow Disciplinary Counsel to confirm compliance; (3) undergo an assessment by the D.C. Bar's Director for the Practice Management Advisory Service, or his designee, implement any recommendations, and sign a limited waiver permitting the program to confirm compliance with this condition and cooperation with the assessment process; (4) not commit any additional Rule violations during the period of probation; and (5) report to a practice monitor and waive confidentiality to permit Disciplinary Counsel to confirm his compliance with the monitoring condition if Mr. Untalan resumes the practice of law during the period of probation.

*So ordered.*