*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-98

IN RE EDWARD N. MATISIK, RESPONDENT.

A Suspended Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 463786)

On Report and Recommendation
Of the Board on Professional Responsibility
(Board Docket Number 13-BD-091)
(BDN 193-11)

(Decided June 7, 2018)

Before FISHER and BECKWITH, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: In this case, the Board on Professional Responsibility has adopted the Ad Hoc Hearing Committee's report and recommendation that respondent be disbarred from the practice of law. Neither Mr. Matisik[1] nor

---

[1] Mr. Matisik was previously suspended by this court for sixty days with a fitness and restitution requirement. *In re Matisik*, 77 A.3d 1009 (D.C. 2013). The record in that case does not indicate that respondent has filed his required affidavit.

Disciplinary Counsel has filed an exception to the Board's Report and Recommendation.

The Committee issued its report pursuant to the default procedures established by D.C. Bar R. XI § 8 (f) after respondent Edward Matisik failed to respond to Disciplinary Counsel's specification of charges. Under this procedure Disciplinary Counsel filed a motion for default that proceeded unopposed. Pursuant to these procedures the allegations outlined in the petition are deemed admitted by respondent. Therefore, based on the sworn statements of Disciplinary Counsel the Committee found that respondent failed to competently and diligently represent his corporate client when he failed to file the necessary registration forms and then misrepresented his actions to his client. In addition, the Committee found that respondent used entrusted client funds as his own funds and that those actions constituted intentional misappropriation of client funds.[2] After finding intentional misappropriation of entrusted funds, the Hearing Committee recommended that respondent be disbarred. Neither respondent nor Disciplinary Counsel filed any exceptions to the Committee's report.

---

[2] Respondent was specifically found to have violated the Rules of Professional Conduct 1.1 (a), 1.1 (b), 1.3 (a), 1.3 (b)(1), 1.3 (c), 1.4 (a), 1.4 (b), 1.15 (a), 1.15 (e), 1.16 (d), 5.5 (a), and 8.4 (c).

Under D.C. Bar R. XI § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). In this case, respondent has failed to respond to any of the charges or participate during any stage in this proceeding, and we have previously held that disbarment is the appropriate discipline for intentional misappropriation. *See In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc).

Accordingly, it is

ORDERED that Edward Matisik is hereby disbarred. For purposes of reinstatement the period of respondent's disbarment will not begin to run until such time as he files a D.C. Bar R. XI § 14 (g) affidavit.

*So ordered.*