*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-1141

IN RE LUIS F. SALGADO, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 342444)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 158-10)

(Decided May 2, 2019)

Before GLICKMAN and FISHER, *Associate Judges*, and FERREN, *Senior Judge*.

PER CURIAM:  In this case, the Board on Professional Responsibility concurs with the Ad Hoc Hearing Committee's factual findings and conclusions of law that respondent's extended inadequate record-keeping violated Rule of Professional Conduct 1.15 (a) and D.C. Bar Rule XI § 19(f).  The Board further agreed with the Committee that respondent admitted at the hearing to having commingled personal funds with entrusted funds and therefore also could be found to have violated Rule 1.1 (a), even though that violation was not included in the specification of charges. The Board accepted the Committee's recommended sanction of a thirty-day

suspension with a requirement to demonstrate fitness to resume the practice of law as a condition of reinstatement; though the Board expressed concern that the period of suspension was insufficient by itself, it was satisfied that the fitness requirement would protect the public.

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Respondent has not filed exceptions to either the Committee's Report or the Board's Report and Recommendation, and the record supports the Committee's findings. We accept the recommended sanction for the reasons given by the Board and because respondent recently has been suspended with a fitness requirement in another disciplinary matter,[1] which means his total combined period of suspension will exceed thirty days. *See, e.g., In re Guberman*, 978 A.2d 200 (D.C. 2009); *In re Cater*, 887 A.2d 1 (D.C. 2005).

---

[1] *In re Luis Salgado*, No. 18-BG-1125, Order at 2018 WL 6684321 (D.C. Dec. 20, 2018). We note that respondent has failed to file a compliant affidavit in this earlier disciplinary action as required by D.C. Bar R. XI, § 14 (g). This failure delays his eligibility to apply for reinstatement. *See id.* § 16 (c).

Accordingly, it is

ORDERED that respondent Luis F. Salgado is hereby suspended from the practice of law in the District of Columbia for thirty days and his reinstatement is conditioned on a showing of fitness to resume the practice of law. We direct respondent's attention to his obligation under D.C. Bar R. XI, § 14 (g), to file a compliant affidavit; any delay in filing that affidavit will delay respondent's eligibility to apply for reinstatement, as set forth in D.C. Bar R. XI, § 16 (c).