*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 18-BG-814

IN RE EPHRAIM C. UGWUONYE, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 474318)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 98-05, *et al.*)

(Decided May 2, 2019)

Before GLICKMAN and FISHER, *Associate Judges*, and FERREN, *Senior Judge*.

PER CURIAM: Concurring in the findings of its Ad Hoc Hearing Committee, the Board on Professional Responsibility recommends that respondent Ephraim C. Ugwuonye be disbarred for his reckless misappropriation of entrusted funds in violation of Rule of Professional Conduct 1.15 (a).[1] Although respondent contended

---

[1] In addition to its finding of reckless misappropriation in violation of Rule 1.15 (a), the Committee found that respondent violated Rules 1.4 (b), 1.5 (a) & (b), and 1.15 (b). We note that respondent previously was suspended in a separate, reciprocal discipline matter for a period of 90 days. *See In re Ephraim Ugwuonye*, 959 A.2d 732 (D.C. 2008). He has yet to file a complete D.C. Bar R. XI, § 14 (g) affidavit as required in that matter.

that his misappropriation was negligent rather than reckless, the Board agrees with the Committee's finding of recklessness based on the evidence before it. In brief, the Committee found that in three separate matters, respondent commingled personal and entrusted funds and wrote numerous trust account checks to himself and his firm without proper record-keeping or accounting, resulting in inaccurate and incomplete records and trust account balances that repeatedly fell below the amount of the entrusted funds that should have been maintained.[2] Given its finding that respondent's misappropriation was reckless, the Board's recommended sanction of disbarment is the presumptively mandatory disposition.[3]

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Respondent requested and received numerous extensions

---

[2] *See, e.g. In re Pleshaw,* 2 A.3d 169, 173 (D.C. 2010) (to prove reckless misappropriation of entrusted funds the facts must establish either an intent to use entrusted funds for one's own use or a conscious indifference to protecting entrusted funds).

[3] *See, e.g., In re Addams*, 579 A.2d 190 (D.C. 1990) (en banc) (disbarment the presumptive discipline for all but negligent misappropriation).

of time to file exceptions, but he has not filed any. We are satisfied that the record supports the determination that respondent engaged in reckless misappropriation of entrusted funds. We accept the recommendation that respondent be disbarred.

Accordingly, it is

ORDERED that respondent Ephraim C. Ugwuonye is hereby disbarred. We direct respondent's attention to his obligation under D.C. Bar R. XI, § 14 (g), to file a compliant affidavit; any delay in filing that affidavit will delay respondent's eligibility to apply for reinstatement, as set forth in D.C. Bar R. XI, § 16 (c).