*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-1142

IN RE EDWARD GONZALEZ, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 426584)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 141-16)

(Decided May 2, 2019)

Before GLICKMAN and FISHER, *Associate Judges*, and FERREN, *Senior Judge*.

PER CURIAM: In this case, the Board on Professional Responsibility adopts the findings of its Ad Hoc Hearing Committee that respondent Edward Gonzalez violated multiple Rules of Professional Conduct in the course of representing a married couple in bankruptcy and related proceedings, and concurs with the Committee's recommendation that respondent be suspended for a period of one year, with reinstatement conditioned on a showing of fitness to resume the practice of law. In brief, the Committee found that respondent violated Rules 1.4 (b), 1.16 (d) and 8.4 (d) by failing to provide his Spanish-speaking clients with a fee agreement and

related fee documents in Spanish and with translated information regarding the bankruptcy proceedings; by threatening to withdraw from the representation if his clients did not execute new fee agreements and documents to secure his requested fees; by failing to protect his clients' interests during the bankruptcy proceedings; and by his repeated failures to comply with bankruptcy reporting requirements, which seriously interfered with the administration of justice.

The Committee and the Board concluded that a fitness requirement is necessary to protect the public because it found that respondent took advantage of his clients' exceptional vulnerability (due to the language barrier they confronted), and that in his hearing testimony, respondent was dishonest, argumentative and non-responsive, and unremorseful. The Committee also took into account that respondent had been disciplined previously for disregarding a client's interests.[1]

Under D.C. Bar R. XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes

---

[1] *In re Edward Gonzalez*, 773 A.2d 1026 (D.C. 2001) (informal admonition for failing to protect client interests).

even more deferential."). Respondent has not taken exception to the Board's Report and Recommendation, and we are satisfied that the record supports the findings and conclusions therein. We see no reason to reject the discipline recommended by the Board. *See, e.g., In re Guberman,* 978 A.2d 200 (D.C. 2009); *In re Cater*, 887 A.2d 1 (D.C. 2005).

Accordingly, it is

ORDERED that respondent Edward Gonzalez is hereby suspended from the practice of law in the District of Columbia for one year and his reinstatement is conditioned on a showing of fitness. Under D.C. Bar R. XI, §§ 14 (g) and 16 (c), respondent will not be eligible to apply for reinstatement until one year after he files an affidavit that complies with § 14.