*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-1447

IN RE SCOTT ADKINS, RESPONDENT.

An Administratively Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 980220)

On Report and Recommendation
of the Board on Professional Responsibility

(DDN 362-09 & DDN 382-13)

(Decided November 14, 2019)

Before THOMPSON and EASTERLY, *Associate Judges*, and STEADMAN, *SeniorJudge*.

PER CURIAM: The Board on Professional Responsibility adopted Hearing Committee Six's Report, including its findings that respondent, Scott Adkins, violated District of Columbia Rules of Professional Conduct 8.1(a), 8.1(b), 8.4(b), 8.4(c), and 8.4(d), and its recommendation that respondent be suspended for three years with a requirement that he demonstrate fitness prior to reinstatement. The Committee found by clear and convincing evidence that respondent submitted an application for admission to this court's bar by motion and a 2008 Supplemental

Questionnaire that omitted required information. The omitted information included civil lawsuits filed by or against him, his criminal convictions, and his past overdue debts. In addition, the Committee determined that his filings contained specific misrepresentations concerning his criminal conviction arising from an alcohol-related hit-and-run accident. The Committee further found that respondent's omissions and false statements precluded the Committee on Admissions from properly scrutinizing his fitness, resulting in his admission to the bar of this court. The Committee determined that these actions reflected on respondent's honesty and fitness to practice law. In addition, the Committee determined that respondent provided false testimony at the hearing. Finally, in light of respondent's dishonesty on his application and his false testimony at the hearing, the Committee determined that there was clear and convincing evidence to raise a serious doubt that respondent would practice ethically and competently in the future; therefore, it imposed a fitness requirement for reinstatement.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Neither respondent nor Disciplinary Counsel has filed

exceptions to the Board's Report and Recommendation, and we are satisfied that the record supports the findings and conclusions therein.  We see no reason to reject the discipline recommended by the Board.  *See id.* at 543.

Accordingly, it is

ORDERED that respondent Scott Adkins is hereby suspended from the practice of law in the District of Columbia for three years and his reinstatement is conditioned on a showing of fitness.  Under D.C. Bar R. XI, §§ 14(g) and 16(c), respondent will not be eligible to apply for reinstatement until three years after he files an affidavit that complies with § 14.

*So ordered.*