*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 17-BG-1463

IN RE AROON R. PADHARIA, RESPONDENT.

A Suspended Member of the Bar of the District of Columbia Court of Appeals

(Bar Registration No. 470038)

On Report and Recommendation

of the Board on Professional Responsibility

(BDN 238-12)

(Decided August 20, 2020)

Before FISHER and THOMPSON, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: In this case, the Board on Professional Responsibility concurred with many of the findings of the Hearing Committee and determined by clear and convincing evidence that respondent had violated Rules 3.4(c), 8.1(b), and 8.4(d) of the District of Columbia Rules of Professional Conduct. The Board agreed with the Committee's recommendation that respondent should be suspended from the

practice of law for six months, but it also recommended that a fitness requirement be imposed as a condition of reinstatement.

The Board accepted the Committee's factual findings that Aroon R. Padharia filed thirty separate Petitions for Review of adverse immigration decisions in the United States Court of Appeals for the Fourth Circuit but failed to file briefs in twenty-nine of those cases, although he had sought and obtained extensions of time to do so. After his clients notified him that they did not want to pursue their appeals, respondent failed to notify the court of his clients' decisions and failed to file motions to dismiss. By doing nothing, he obliged the court to eventually dismiss those appeals for failure to prosecute.

The Board adopted the findings of the Committee that respondent violated Rule 3.4(c) by knowingly disobeying his obligations under the rules of a tribunal. Although the Committee concluded that respondent's routine disregard for court orders and rules in these matters did not seriously interfere with the administration of justice, the Board disagreed and found that respondent's actions and omissions seriously interfered with the administration of justice and thus violated Rule 8.4(d).

*See, e.g.*, *In re Murdter*, 131 A.3d 355, 357 (D.C. 2016).[1]  The Board agreed with the Hearing Committee that respondent violated both Rule 8.4(d) and Rule 8.1(b) by failing timely to respond to the inquiries of Disciplinary Counsel.

In considering the appropriate discipline, the Board noted that "Respondent's conduct did not involve dishonesty, he has no prior discipline, and there is no evidence that any of Respondent's clients were prejudiced by his conduct." Nevertheless, it recommended a fitness requirement, finding not merely that clear and convincing evidence raised a serious doubt that respondent would refrain from repeating these violations,[2] but, indeed, clear and convincing evidence that respondent would repeat the same conduct in the future.  The Board based its conclusion on:  (1) its findings that respondent's repeated failures to file briefs or comply with court orders during the course of the immigration appeals constituted a serious interference with the administration of justice; (2) the sheer number of such cases; and (3) the fact that respondent failed to acknowledge the seriousness of his

---

[1]  *See, e.g.*, *In re Micheel*, 610 A.2d 231, 235 (D.C. 1992) (when factual findings also result in legal conclusions, the Board owes no deference to the Committee's legal conclusion).

[2]  *In re Guberman*, 978 A.2d 200, 213 (D.C. 2009); *In re Cater*, 887 A.2d 1, 6 (D.C. 2005).

4

misconduct but continued to believe his actions did not violate the rules of professional conduct, impede the administration of justice, or harm his clients.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543-44 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Respondent initially informed this court that he would oppose the Board's report and was given numerous extensions of time to do so; however, he failed to file a brief, and we consider the underlying factual findings to be uncontested. We further conclude that the record supports those factual findings of the Committee which the Board adopted, as well as the Board's additional findings and conclusions that respondent's actions during his representation in the immigration cases violated Rule 8.4(d).

We discern no reason to depart from the Board's recommendation concerning the appropriate sanction. Accordingly, it is ORDERED that Aroon R. Padharia is hereby suspended from the practice of law in the District of Columbia for six months, and his reinstatement is conditioned on showing his fitness to practice law. For

purposes of reinstatement, the period of respondent's suspension will not begin to run until such time as he files an affidavit that complies with D.C. Bar R. XI, § 14(g).

*So ordered.*