*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 18-BG-812

IN RE DAVID B. NOLAN SR., RESPONDENT

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 379804)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 285-09, *et al.*)

(Decided June 16, 2022)

Before EASTERLY and ALIKHAN, *Associate Judges*, and THOMPSON, Senior Judge.

PER CURIAM: The Ad Hoc Committee found by clear and convincing evidence that David Nolan neglected and failed to reasonably communicate with and zealously and diligently represent three clients (Ajay and Archana Sagar[1] and Robert D. Currie), failed to maintain financial records and provide an accounting of

_____

[1] The Sagars' complaint about Mr. Nolan's representation in United States District Court for the District of Columbia resulted in his temporary suspension in that court and prompted a reciprocal disciplinary matter, No. 13-BG-2, which is pending.

entrusted funds, charged unreasonable fees, and acted dishonestly, in violation of Rules 1.1(a) and (b); 1.2(a); 1.3(a), b(1-2), and (c); 1.4(a) and (b); 1.5(a) and (b); and 1.15(b). Additionally, the Committee found that Mr. Nolan's multiple misdemeanor convictions for failing to appear in court violated Rules 3.3(a)(1); 8.4(b), (c), and (d).[2] Lastly, the Committee found that Mr. Nolan failed to cooperate with Disciplinary Counsel and failed to respond to requests for information from Disciplinary Counsel, the Board on Professional Responsibility, and courts in violation of Rules 8.1(b) and 8.4(d). The Board adopted the Ad Hoc Committee's findings of fact and most of its assessments of Mr. Nolan's rule violations.[3]

Like the Hearing Committee, the Board recommended that Mr. Nolan be suspended for three years with reinstatement conditioned upon a showing of fitness, payment of restitution (in the Currie case only) in an amount to be determined at the

---

[2] These convictions are also the basis for No. 12-BG-1892. In that pending case, Mr. Nolan was suspended on December 17, 2012, after receiving notice that he had been convicted in Virginia of one count of "no operator's license" and three counts of failure to appear. The matter was referred to Disciplinary Counsel to determine whether these convictions constituted moral turpitude based on the facts of the case.

[3] The Board rejected the Committee's determination that the Sagars were charged unreasonable fees and rejected the recommendation that restitution to the Sagars be a condition of reinstatement.

time he seeks reinstatement, and cooperation with all outstanding requests for information and subpoenas issued by Disciplinary Counsel and any related Board or court order.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *Id.*; *see also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Respondent did not file exceptions to the Board's Report and Recommendation, nor has he filed an affidavit since his initial suspension. Disciplinary Counsel initially filed exceptions, but later filed a conditional submission in lieu of brief stating that he had filed his exceptions anticipating that Mr. Nolan would file exceptions and he agreed with the sanctions recommended by the Board and would not file a brief.[4] Therefore, this matter may now be resolved pursuant to D.C. Bar R. XI, § 9(h)(2).

---

[4] In his submission, Disciplinary Counsel acknowledged that although he disagreed with the Board's rejection of findings as to the Sagars, they remain eligible to submit a claim to the Client Security Trust Fund.

Upon review of the record, we are satisfied that the Board's findings support its recommended discipline, and we see no reason to reject the discipline recommended by the Board. *See Viehe*, 762 A.2d at 543. Further, because this matter resolves the misconduct underlying Mr. Nolan's other pending disciplinary matters, the Clerk shall close both No. 12-BG-1892 and No. 13-BG-2 once the mandate has issued in this matter.

Accordingly, it is

ORDERED that respondent David B. Nolan, is hereby suspended from the practice of law in this jurisdiction for a period of three years and his reinstatement is conditioned on a showing of fitness, the payment of restitution to Mr. Currie in an amount to be determined at the time he seeks reinstatement, and his full compliance with all pending requests for information or subpoenas from Disciplinary Counsel and related requests for information from the Board on Professional Responsibility or any court. We further direct Mr. Nolan to comply with the requirements of D.C. Bar. R. IX § 14 as a condition of reinstatement. *See* D.C. Bar. R. IX § 16(c).