*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-BG-831

IN RE STEVEN B. FABRIZIO, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 436482)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 22-BD-056; DDN 2021-D152)

(Decided December 8, 2022)

Before BECKWITH and EASTERLY, *Associate Judges*, and WASHINGTON, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that respondent be disbarred after he pled guilty to felony third-degree sexual abuse (force), D.C. Code § 22-3004(1), and blackmail, D.C. Code § 22-3252. The Board found that the felony of third-degree sexual abuse (force) was an offense involving moral turpitude per se and, alternatively, that the undisputed facts underlying the offenses here involved moral turpitude. Neither Respondent nor Disciplinary Counsel has filed an exception to the Board's Report and Recommendation. Respondent filed his D.C. Bar R. XI § 14(g) affidavit on October 24, 2022.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) (per curiam) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed, we accept the Board's recommendation that the undisputed facts of this case constitute an offense of moral turpitude. Therefore, we impose the required sanction and disbar respondent from the practice of law. *See In re Colson*, 412 A.2d 1160, 1164-65 (D.C. 1979) (en banc); D.C. Code § 11-2503. Furthermore, because we find the underlying facts constitute an offense involving moral turpitude, we express no opinion on the Board's analysis of whether the offenses involve moral turpitude per se.[1]

Accordingly, it is

---

[1] *See, e.g., In re Moir*, 258 A.3d 161, 162 (D.C. 2021) ("Because no exceptions have been filed, we need not . . . reach the issue of whether this offense constitutes a crime of moral turpitude per se or as applied to respondent's actions, as both support the recommendation of disbarment."); *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C. 1995) (imposing recommended discipline while declining to resolve "some difficult questions raised in the Board's [Report]" where respondent took no part in the proceedings).

ORDERED that respondent Steven B. Fabrizio is hereby disbarred from the practice of law in this jurisdiction nunc pro tunc to October 24, 2022.