*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 22-BG-0937

IN RE GEORGE W. CRAWFORD, II, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 311639)

On Report and Recommendation
of the Board on Professional Responsibility

(DDN: 2013-D022)

(Decided March 16, 2023)

Before EASTERLY and ALIKHAN, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that respondent George W. Crawford, II, be suspended for six months from the practice of law in this jurisdiction with reinstatement conditioned upon a showing of fitness, the payment of any outstanding sanctions, and compliance with any pending court orders. Mr. Crawford was charged with violating numerous Rules of Professional Conduct arising from his failure to pay a judgment entered against him and to satisfy a subsequent settlement agreement, which led to the imposition of sanctions and Mr.

Crawford's incarceration for his failure to purge a finding of civil contempt. Mr. Crawford's misconduct included violations of Rule 3.1 (defending a proceeding, and asserting or controverting an issue therein, although there was no basis in law for doing so that was not frivolous); Rule 3.3(a) (knowingly making false statements of fact to a tribunal or failing to correct false statements of material fact previously made to the tribunal); Rule 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists); Rule 8.4(a) (violating or attempting to violate the Rules, knowingly assisting or inducing another to do so, or doing so through the acts of another); Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(d) (engaging in conduct that seriously interfered with the administration of justice). Mr. Crawford has not filed any exception to the Board's Report and Recommendation, nor has he filed the required D.C. Bar R. XI, § 14(g) affidavit after the court imposed an interim suspension on February 15, 2023.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *Id.*; *see In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes

even more deferential."). Because no exceptions have been filed, we accept the Board's recommendation of a six-month suspension with a fitness requirement for Mr. Crawford's misconduct. Thus we predicate Mr. Crawford's reinstatement upon a showing of fitness, the payment of any outstanding sanctions, and compliance with pending court orders.

Accordingly, it is ORDERED that respondent George W. Crawford, II, is hereby suspended for six months from the practice of law in this jurisdiction and, as a condition of reinstatement, he must establish fitness to practice law, and demonstrate that he has paid any outstanding sanction awards and complied with any pending court orders in *First Washington Insurance Co. v. Kelly*, No. 2007 CA 005890 B; *Crawford v. First Washington Insurance Co.*, No. 2010 CA 006309 B; and *In re Crawford*, No. 2012 CCC 022. Mr. Crawford's attention is directed to the requirements of D.C. Bar R. XI, § 14, and their effect on eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).