*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 24-BG-0498

IN RE KRISTOPHER E. TWOMEY, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 979338)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN: 23-BD-013; DDN 2021-198 & DDN 2022-119)

(Decided August 29, 2024)

Before: BECKWITH and MCLEESE, *Associate Judges*, and RUIZ, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that respondent Kristopher E. Twomey be suspended from the practice of law for two years. Specifically, the Board found that Mr. Twomey, whose practice involves regulatory issues regarding internet-service providers, affirmatively gave false assurances to two clients regarding the status of their eligible telecommunication carrier ("ETC") applications filed in four states, including (1) creating a false docket number for a California application to cover up that he had not timely filed it, which caused another attorney working on the application to repeat that false statement to

the Federal Communications Commission ("FCC") and (2) instructing a client to repeat his false claim to the FCC that the Tennessee authority had declined jurisdiction by returning his application, when he in truth never filed it, violating D.C. R. Prof. Conduct 4.1(a) and 8.4(c). Further, but less material to the recommended sanction, the Board found that Mr. Twomey ought to have kept his clients better informed about the work he was doing for them and the prospect that significant deadlines might not be met, violating D.C. R. Prof. Conduct 1.3(c) and 1.4(a) and (b). Mr. Twomey has not filed any exceptions to the Board's Report. Mr. Twomey also has not yet filed the required D.C. Bar R. XI, § 14(g) affidavit after his July 17, 2024, interim suspension in this case.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed and we agree that the Board's recommended sanction is reasonable and appropriate for the violations

presented here,[1] we accept the recommendation that Mr. Twomey be suspended for two years.

Accordingly, it is

ORDERED that Kristopher E. Twomey is hereby suspended from the practice of law in the District of Columbia for two years. Mr. Twomey's attention is directed to the requirements of D.C. Bar. R. IX, § 14 and their effect on eligibility for reinstatement. *See* D.C. Bar. R. IX, § 16(c).

*So ordered.*

---

[1] *In re Guberman*, 978 A.2d 200, 203-04, 215 (D.C. 2009) (imposing an eighteen-month suspension where attorney falsely represented to his superiors that he had filed an appeal on behalf of a client, falsified filing stamps on the purported appeal papers in the client file, and provided misleading status reports on the client's matter in a year-long pattern of dishonesty, where there were several mitigating factors); *In re Steele*, 868 A.2d 146, 153-54 (D.C. 2005) (imposing three-year suspension with fitness requirement where solo practitioner with no disciplinary history neglected five clients to their detriment and was dishonest with clients, tribunals, and other lawyers); *In re Haupt*, 422 A.2d 768, 769, 771-72 (D.C. 1980) (per curiam) (imposing three-year suspension where attorney told his client that client's divorce complaint remained pending but inactive because client had not paid an expense, when in actuality the complaint had been dismissed and the attorney failed to take adequate steps to locate the defendant, and the attorney made false statements to Disciplinary Counsel, had a disciplinary history that involved deceit, and demonstrated a total lack of understanding of the ethical code).