*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 24-BG-0653

IN RE STEVEN KREISS, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 58297)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN No. 23-BD-008; DDN No. 2020-D073)

(Decided October 10, 2024)

Before: EASTERLY AND SHANKER, *Associate Judges*, and THOMPSON, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that Steven Kreiss be suspended from the practice of law for one year with reinstatement conditioned upon a showing of fitness based on its finding that he violated D.C. R. Prof. Conduct 1.1(a) and (b), 1.3(a), 1.3(b)(2), 1.4(a) and (b), 1.5(a), 1.15(a), 1.16(d), and 8.4(c). Mr. Kreiss has not filed any exceptions to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the

Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because Mr. Kreiss has not filed any exceptions and we agree that the Board's recommended sanction is reasonable and appropriate for the violations presented here,[1] we accept the recommendation that Mr. Kreiss be suspended for one year with reinstatement conditioned on demonstrating fitness to practice law. Accordingly, it is

ORDERED that respondent Steven Kreiss is hereby suspended from the practice of law in the District of Columbia for one year, with reinstatement conditioned on demonstrating fitness to practice law. Mr. Kreiss's attention is directed to the requirements of D.C. Bar. R. XI, § 14 and their effect on eligibility for reinstatement. *See* D.C. Bar. R. XI, § 16(c).

*So ordered.*

---

[1] *See In re Bailey*, 283 A.3d 1199, 1203, 1211 (D.C. 2022) (imposing sanction of one-year suspension and fitness requirement for violation of Rules 1.4(a) and (b), 1.5(a), 1.5(e), and 8.4(c) and (d) after respondent failed to keep his client reasonably informed, charged an unreasonable fee, was dishonest with his client, and "downplayed and refused to accept responsibility for the ways in which he failed [his client]").