*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 24-BG-0848

IN RE WILLIAM S. STANCIL, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 370895)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN No. 21-BD-058; DDN Nos. 2022-D073 & 2022-Dl42)

(Decided December 19, 2024)

Before: EASTERLY and SHANKER, *Associate Judges*, and RUIZ, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that William S. Stancil be suspended from the practice of law for ninety days with reinstatement conditioned upon a showing of fitness based on its finding that he violated D.C. R. Pro. Conduct 1.1(a) & (b), 3.1, and 8.4(d). Although respondent filed non-specific exceptions to the Board's report, he failed to file a brief as directed. Accordingly, as we stated in our November 27, 2024, order, this court determined that we would decide the matter on the record alone.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no substantive exceptions have been filed and we agree that the Board's recommended sanction is reasonable and appropriate for the violations presented here,[1] we accept the recommendation that respondent be suspended for ninety days with reinstatement conditioned on demonstrating fitness to practice law. Accordingly, it is

ORDERED that Disciplinary Counsel's motion to proceed on the record is granted. It is

FURTHER ORDERED that respondent William S. Stancil is hereby suspended from the practice of law in the District of Columbia for ninety days, with reinstatement conditioned on demonstrating fitness to practice law. Respondent's

---

[1] *See In re Chapman*, 284 A.3d 395, 398-99, 402-03 (D.C. 2022) (imposing ninety-day suspension for violating Maryland rules concerning competence, filing frivolous claims, and failing to consult with client after he encouraged a client to pay a retainer fee and pursue employment discrimination claim without advising client of administrative exhaustion or statute of limitations issues that were fatal to claim); *see also In re Lea*, 969 A.2d 881, 894 (D.C. 2009) (imposing fitness requirement where attorney failed to participate in disciplinary proceedings).

attention is directed to the requirements of D.C. Bar. R. XI, § 14 and their effect on eligibility for reinstatement.  *See* D.C. Bar. R. XI, § 16(c).

*So ordered.*