*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 25-BG-0429

IN RE VI BUI, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 997469)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN: 25-BD-010; DDN: 2024-D197)

(Decided November 6, 2025)

Before: EASTERLY, MCLEESE, and DEAHL, *Associate Judges*.

PER CURIAM: The Board on Professional Responsibility recommends that Vi Bui be disbarred from the practice of law following his conviction for corruptly endeavoring to interfere with the administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a). Although the Board found that 26 U.S.C. § 7212(a) was not a crime of moral turpitude per se, it concluded that the undisputed facts underlying the offense involved moral turpitude. Respondent has not filed any exceptions to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When, as here, there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed, we accept the Board's determination that the undisputed facts of this case constitute an offense of moral turpitude.[1] Therefore, we impose the required sanction and disbar respondent from the practice of law. *See* D.C. Code § 11-2503(a).

Accordingly, it is

---

[1] *See In re Sneed*, 673 A.2d 591, 594 (D.C. 1996) (defining moral turpitude and finding that attorney committed offense of moral turpitude where he was part of a scheme to defraud a government agency). Because we conclude that respondent committed a crime of moral turpitude based on our examination of the particular facts of that offense, we express no opinion regarding the Board's determination that a violation of 26 U.S.C. § 7212(a) involves moral turpitude per se. *See, e.g., In re Moir*, 258 A.3d 161, 162 (D.C. 2021) ("Because no exceptions have been filed, we need not . . . reach the issue of whether this offense constitutes a crime of moral turpitude per se or as applied to respondent's actions, as both support the recommendation of disbarment.").

ORDERED that Disciplinary Counsel's motion for leave to late file a certified copy of the criminal judgment is granted,[2] and the judgment is filed.  It is

FURTHER ORDERED that respondent Vi Biu is hereby disbarred from the practice of law in this jurisdiction.  Respondent's attention is directed to the requirements of D.C. Bar R. XI, § 14 and their effect on eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).  It is

FURTHER ORDERED that the underlying proceeding which resulted in respondent's suspension pursuant to D.C. Bar R. XI, § 10, *In re Bui*, No. 25-BG-0162, is dismissed as moot.

*So ordered.*

---

[2] Because the Office of Disciplinary Counsel has now provided what is clearly a certified copy of respondent's conviction, we have no need to consider the question, as to which the Office of Disciplinary Counsel and the Board on Professional Responsibility apparently may disagree, whether documents obtained from the federal courts' Public Access to Court Electronic Records (PACER) website qualify as 'certified' copies for purposes of D.C. Code § 11-2503(a) and D.C. Bar R. XI, § 10(a).  We do note that the Office of Disciplinary Counsel may wish to consider seeking clarification or revision of the term 'certified' through legislation and through the process for amending the court's rules.