*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 25-BG-0588

IN RE STEVE LARSON-JACKSON, RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 414847)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN No. 23-BD-045; DDN Nos. 2017-D280,
2019-D298, 2020-D207, 2022-D0l l)

(Decided November 13, 2025)

Before: MCLEESE and DEAHL, *Associate Judges*, and THOMPSON, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that Steve Larson-Jackson be disbarred from the practice of law for multiple instances of intentional misappropriation and violation of D.C. Rules of Professional Conduct 1.5(a), 1.15(a), and 8.4(c), and Maryland Rules of Professional Conduct 19-301.1, 19-301.5(a), 19-301.15(a), 19-308.4(c), and 19-308.4(d). This court has previously concluded that disbarment is generally the appropriate sanction for intentional

misappropriation.[1]  Respondent has not filed any exceptions to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions."  *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential.").  Because no exceptions have been filed and disbarment is presumptively the appropriate sanction for intentional misappropriation, we accept the Board's recommendation that respondent be disbarred.

Accordingly, it is

ORDERED that Disciplinary Counsel's motion to impose recommended discipline is granted.  It is

FURTHER ORDERED that respondent Steve Larson-Jackson is hereby disbarred from the practice of law in this jurisdiction.  Respondent's attention is

---

[1]  *See In re Owens*, 341 A.3d 1151, 1163 (D.C. 2025) ("[T]he intentional or reckless misappropriation of client funds will trigger the virtually automatic sanction of disbarment absent extraordinary mitigating circumstances." (internal quotation marks and brackets omitted)).

directed to the requirements of D.C. Bar. R. XI, § 14 and their effect on eligibility for reinstatement.  *See* D.C. Bar. R. XI, § 16(c).

*So ordered.*