*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-BG-276

IN RE JUSTIN ALAN TORRES, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 1003136)

On Report and Recommendation
of the Board on Professional Responsibility

(DDN 037-19)

(Decided December 12 2019)

Before THOMPSON and EASTERLY, *Associate Judges*, and STEADMAN\*, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility, by majority decision, recommends that respondent Justin Alan Torres be disbarred from the practice of law after he pled guilty to multiple felony counts of gross sexual imposition. This recommendation is based on the Board's determination that the crime of gross sexual imposition, in violation of Ohio Revised Code § 2907.05(A)(1) (criminalizing sexual contact with a child under the age of thirteen without requiring proof that the defendant knew the exact age of the child), is a crime of moral turpitude *per se* within the meaning of D.C. Code § 11-2503(a). Neither respondent

nor Disciplinary Counsel filed exceptions to the Board's report. Respondent filed his D.C. Bar R. XI § 14(g) affidavit on June 27, 2019.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). However, because this matter concerns a statute not yet addressed by this court, and in light of the minority opinion dissenting from the Board's decision, we explain here why we adopt the Board's recommendation.

After the court received notice of respondent's conviction, respondent was suspended and, pursuant to D.C. Code § 11-2503(a), the matter was referred to the Board to determine whether the offense constituted moral turpitude. Disciplinary Counsel filed his statement that the crime did constitute moral turpitude *per se*. Respondent did not file a statement. The Board then directed Disciplinary Counsel to file a supplemental statement addressing the Ohio statute's strict liability standard for criminal culpability and referenced a 1986 Board recommendation, later accepted by the court in *In re Lovendusky*, D.C. App. No. 84-1672 (D.C. Apr. 4, 1986). In that case the Board recommended that a conviction under a statute

prohibiting attempted sexual contact with a child under the age of sixteen years, the age of consent, was not a crime of moral turpitude because there was a reasonable possibility that the contact could have been the result of a mistake regarding the age of the victim.  Disciplinary Counsel filed a supplemental response stating that *In re Lovendusky* did not change his recommendation because, unlike the statute in that case, the Ohio statute criminalizes sexual contact with a child twelve years or younger, and because that period of a child's development forecloses the argument of reasonable mistake, such that respondent would or should have known he was having sexual contact with an individual who was unable to provide consent. Respondent filed a response urging the Board not to find his offenses crimes of moral turpitude.  As noted previously, the majority of the Board recommended disbarment based on a determination that the Ohio offense in question constitutes a crime of moral turpitude *per se*.

In analyzing whether an offense constitutes a crime of moral turpitude *per se* we look at the elements of the crime, not the specific facts of the individual case, and consider whether the least culpable offender engaged in a crime of moral turpitude.  *See, e.g.*, *In re Shorter*, 570 A.2d 760, 765 (D.C. 1990); *accord In re Rohde*, 191 A.3d 1124, 111 (D.C. 2018) (explaining that to amount to a crime of moral turpitude per se, "the statute, in all applications, [must] criminalize[] conduct that "offends the generally accepted moral code of mankind," "involve[] baseness,

vileness or depravity," or offend[] universal notions of "justice, honesty, or morality.").

Here, similar to the statute in *In re Sharp*, 672 A.2d 899 (D.C. 1996) (imposing strict liability where the adult perpetrator was in a custodial or supervisory relationship with the child victim), the Ohio statute criminalizes sexual contact with a child at least four years younger than the age of consent. We agree with the Board that this age gap forecloses any claims that the offender could reasonably but mistakenly believe the child was old enough to give legal consent. We further determine that this criminal sexual contact meets our criterion of "offending the generally moral code" of our society. *In re Colson*, 412 A.2d 1160, 1168 (D.C.1979) (en banc). We thus see no reason to reject the Board's categorization of the Ohio offense. Because respondent has been convicted of a crime of moral turpitude *per se*, the appropriate sanction is to disbar him from the practice of law. *See id.* at 1165.

Accordingly, it is

ORDERED that Justin Alan Torres is hereby disbarred from the practice of law, *nunc pro tunc* to June 27, 2019.

*So ordered.*

\*In the absence of any exception filed by respondent in this court to the Board's recommendation, Judge Steadman would without more impose disbarment as effectively unchallenged by respondent at this point. *C.f.* D.C. Bar. R. XI, § 9(h)(2) ("[I]f no exception is filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board"); *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C. 1995) (imposing recommended discipline while declining to resolve "some difficult questions raised in the Board's [report]" where respondent took no part in the proceedings).