*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 16-BG-1246

IN RE PETER N. NJANG, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 456012)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 123-10 et al.)

(Decided June 11, 2020)

Before THOMPSON, MCLEESE, and DEAHL, *Associate Judges*.

PER CURIAM: The Ad Hoc Hearing Committee issued a report concluding that respondent Peter N. Njang intentionally misappropriated entrusted funds. Specifically, the Hearing Committee found that respondent received client funds as the result of successful litigation and failed to accurately account for the funds, resulting in an overdraft of his IOLTA account when his client attempted to deposit a check representing the client's share of funds from the litigation. The Committee recommended that respondent be disbarred. Respondent did not file exceptions to the Committee's report. The Board on Professional Responsibility adopted the

Committee's findings that respondent intentionally misappropriated entrusted funds in violation of Rule of Professional Conduct 1.15(a) and concurred that respondent should be disbarred. Respondent did not file exceptions to the Board's report and recommendation. Because the Board found that respondent's misappropriation was intentional, the Board's recommended sanction of disbarment is the presumptively mandatory disposition.[1]

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We are satisfied that the record supports the determination that respondent engaged in intentional misappropriation of entrusted funds. We accept the recommendation that respondent be disbarred.

Accordingly, it is

---

[1] *See, e.g.*, *In re Addams*, 579 A.2d 190 (D.C. 1990) (en banc) (disbarment is presumptive discipline for all but negligent misappropriation).

ORDERED that respondent Peter N. Njang is hereby disbarred. For purposes of reinstatement, the period of respondent's disbarment will not begin to run until such time as he files a D.C. Bar R. XI, § 14(g) affidavit.