*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 21-BG-241

IN RE ISAAC H. MARKS, SR., RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 411706)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 059-18)

(Decided June 24, 2021)

Before THOMPSON and EASTERLY, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: The Ad Hoc Hearing Committee issued its Report concluding that Respondent negligently misappropriated entrusted funds, made six intentionally dishonest statements and representations in court proceedings, failed to protect his client's interests, and undertook actions that seriously interfered with the administration of justice[1] and recommending that Respondent be suspended for

---

[1] District of Columbia Rules of Professional Conduct: Rule 1.1 (a) (failure to competently represent a client; Rules 1.3(a), (b)(1) and (c) (failure to zealously represent client, seek the client's lawful objectives and act promptly); Rule 1.15(a),

eighteen months with reinstatement conditioned on completing continuing legal education[2] and a showing of fitness. Specifically, the Hearing Committee found that Respondent was retained by McCloud to create a revocable trust naming McCloud as the beneficiary and trustee, and upon McCloud's death naming her granddaughter, who was cognitively impaired, as the beneficiary and Respondent as the successor trustee. Additionally, upon McCloud's death Respondent was to marshal all trust assets (including the granddaughter's social security payments that were sent to the trust account and loan payments for loans made by McCloud), promptly sell the family home, create a special needs trust for the granddaughter, and identify a safe-living environment, preferably in an assisted-living facility, for the granddaughter. After McCloud's death, Respondent took control of the trust assets and filed a petition to appoint a guardian for the granddaughter. However, Respondent conceded that he erroneously withdrew funds from the trust account for non-trust purposes and failed to promptly repay the funds. Furthermore, once the guardianship was approved, Respondent failed to respond to requests for

---

commingling and misappropriation of client funds and failure to keep proper records); Rule 1.15(c) (failure to notify and deliver client funds); Rule 8.4(c), engaging in conduct involving dishonesty); and Rule 8(d) (serious interference with the administration of justice).

[2] The Committee recommended a total of nine hours with six hours devoted to trust account management and three hours to legal ethics.

information on the trust made by the attorney and guardian, resulting in the court directing Respondent's deposition. Further, in response to motions filed for an accounting and later for removal of Respondent as the trustee, Respondent filed responses that included false or misleading statements and made false or misleading statement during a hearing. Those actions formed the basis for the Rule 8(c) violation.

Prior to his removal as trustee, Respondent failed to sell or preserve the real estate, timely file real estate taxes, forward to the guardian the ward's social security payments that were previously deposited in the trust's bank account, create a special needs trust, and pursue repayments of loans held by the trust. The Committee concluded that Respondent's misappropriation was the result of negligence and a violation of Rule 1.15(a). The Committee also concluded that Respondent's failure to protect his client's interests violated numerous Rules of Professional Conduct. The majority of the Committee concluded that Disciplinary Counsel had submitted sufficient evidence to support a finding that Respondent made six intentionally dishonest statements in violation of Rule 8(c).

Finally, the majority of the Committee determined that the requirements for imposing a fitness condition had been satisfied. However, a dissenting opinion argued that the evidence was insufficient to support a Rule 8(c) violation for each of the six statements, concluding that the evidence supported the finding only for a single statement and that the requirements for imposing a fitness condition had not been met, and recommending the imposition of a one-year suspension with reinstatement contingent on the completion of the CLE requirement.

The Board of Professional Responsibility adopted the majority of the Committee's findings but concluded that the intent necessary to support a Rule 8(c) violation had been established as to only two of Respondent's statements. The Board rejected the recommendation to impose a fitness requirement, concluding that the imposition of the legal education condition would ensure that similar violations would not occur in the future. The Board recommended a one-year suspension with a CLE condition.

Respondent filed a statement that he does not oppose the Board's Report and Recommendation, and no exceptions were filed by Disciplinary Counsel. Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt

will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We are satisfied that the record supports the Board's findings and conclusions and that the Board's recommended sanction of a one-year suspension with conditions for reinstatement falls within the range of discipline imposed for similar misconduct.[3] Therefore, we accept the recommendation that respondent be suspended for one-year and that reinstatement be contingent on the completion of six hours of approved CLE on trust account management and three hours on legal ethics.

Accordingly, it is

ORDERED that respondent Isaac H. Marks, Sr., is hereby suspended for a period of one-year and that his reinstatement is contingent on his completion of six hours of CLE on trust account management and three hours on legal ethics.

---

[3] *See, e.g., In re Soninen*, 853 A.2d 712, 715 (D.C. 2004) (six-month suspension for false statements and serious interference with the administration of justice); *In re Fair*, 780 A. 26 1106, 1114 (D.C. 2001) (six-month suspension is the norm for negligent misappropriation of entrusted funds).

Respondent's attention is directed to the requirements of D.C. Bar. R. IX § 14 and their effect on eligibility for reinstatement. See D.C. Bar. R. IX § 16(c).