*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-BG-316

IN RE DONALD R. HARRIS, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 485340)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 04-19)

(Decided August 26, 2021)

Before THOMPSON and MCLEESE, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: A Hearing Committee issued a Report and Recommendation finding that respondent failed to explain a matter to his clients; intentionally misappropriated his clients' advanced fees; failed to maintain proper records; and knowingly made a false statement of fact during the disciplinary investigation.

Specifically, the Hearing Committee found the following. Respondent was retained to assist his clients with the return of five of their children, who had been

removed by the State of Ohio. Respondent told his clients that he would try to force child services to give them back their children, but he failed to inform his clients that his practice was limited to federal law, that removal of their children was a state-law matter, that he was not barred to practice law in Ohio, and that he had never handled any kind of child-custody case.

Respondent's clients initially could not pay the $2,500 advance fee that respondent demanded. Eventually, however, respondent's clients were able to retain respondent, paying him by a credit-card transfer to PayPal. Respondent began spending the funds in the PayPal account for his personal use, instead of placing them in a trust account, which he knew he should have done. Later, respondent transferred the remaining funds to his firm's operating account and, before earning the funds, spent them on business expenses.

Before the Hearing Committee, respondent stated that, because he could only practice in federal court, he intended to file a federal discrimination case. The Hearing Committee concluded, however, that filing such a case would not have been likely to result in the return of the children, because that was a state matter, not a federal matter.

The Hearing Committee also found that (1) respondent failed to keep proper records during his representation; (2) respondent falsely claimed that he had sent invoices to his clients before the termination of his representation; and (3) two purported invoices respondent provided as part of the disciplinary proceedings had been created after the representation ended.

In considering respondent's mitigation defense based on medical issues, the Hearing Committee determined that respondent had failed to meet his burden of proof under *In re Kersey*, 520 A.2d 321 (D.C. 1987). The Hearing Committee recommended that respondent be disbarred.

The Board of Professional Responsibility adopted the Hearing Committee's misconduct findings and made two more of its own: that respondent (1) charged an unreasonable fee; and (2) engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation. The Board agreed with the Hearing Committee that respondent had failed to establish mitigation under *Kersey*. The Board also agreed with the Hearing Committee that respondent should be disbarred for intentional misappropriation of entrusted funds. *See, e.g.*, *In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc) (disbarment is presumptive discipline for intentional

misappropriation). The Board further recommended that respondent be required to pay restitution in the amount of $2,500, with statutory interest, as a condition of reinstatement. Respondent did not file exceptions to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) (per curiam) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We are satisfied that the record supports the determination that respondent engaged in intentional misappropriation of entrusted funds. We therefore adopt the Board's Report and Recommendation and determine that respondent should be disbarred with reinstatement conditioned on the payment of restitution.

Accordingly, it is

ORDERED that respondent Donald R. Harris is hereby disbarred from the practice of law in this jurisdiction. Respondent must pay restitution to Ms. Bailey, the client who paid the fee, in the amount of $2,500, with statutory interest calculated from January 3, 2017, and such repayment is a condition for reinstatement. We further direct respondent's attention to the requirements of D.C. Bar. R. IX, § 14, and their effect on eligibility for reinstatement. *See* D.C. Bar. R. IX, § 16(c).