*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-BG-1075

IN RE THOMAS IAN MOIR, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 978531)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 68-19)

(Decided September 2, 2021)

Before: GLICKMAN and DEAHL, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: The Board of Professional Responsibility recommends that Thomas Ian Moir be disbarred from the practice of law after pleading guilty to one count of child pornography in violation of 18 U.S.C. § 2252(a)(2). Although the Board concluded that the crime was not a crime of moral turpitude under the "most benign conduct punishable under the statute" standard,[1] it did conclude that under

---

[1] *In re Squillacote*, 790 A.2d 514, 517 (D.C. 2002).

the facts acknowledged as part of the respondent's plea his actions constitute a crime of moral turpitude. The Board therefore recommends disbarment.[2] Respondent did not file an exception to the Disciplinary Counsel's recommendation that he be disbarred for committing a crime of moral turpitude, nor did he file any exceptions to the Board's Report or Recommendation.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed, we need not address the Board's newly enacted procedures for resolving disciplinary matters based on criminal convictions or reach the issue of whether this offense constitutes a crime of moral turpitude per se or as applied to respondent's actions, as both

---

[2] *See* D.C. Code § 11-2503(a) (2012 Repl.).

support the recommendation of disbarment.[3]    We therefore accept the recommendation that respondent be disbarred.  Accordingly, it is

ORDERED that respondent Thomas Ian Moir is hereby disbarred from the practice of law in this jurisdiction.  Respondent's attention is directed to the requirements of D.C. Bar. R. XI § 14 and their effect on eligibility for reinstatement, *see* D.C. Bar. R. XI § 16(c).

---

[3] *See, e.g.*, *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C. 1995) (imposing recommended discipline while declining to resolve "some difficult questions raised in the Board's [Report]" where respondent took no part in the proceedings).