*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 20-BG-741

IN RE TIMOTHY GUY SMITH, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 417768)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 12-18)

(Decided June 24, 2021
Amended September 30, 2021*)

Before THOMPSON* and EASTERLY, *Associate Judges*, and NEBEKER, Senior Judge.

———————

*This opinion is amended only to reflect that Respondent's reckless misappropriation and commingling of entrusted funds violated Rule 1.15(a) not 1.15(c).

* Judge Thompson was an Associate Judge when the opinion was first published; however, her term expired on Saturday, September 4, 2021. Judge Thompson continues to serve as an Associate Judge until her successor is confirmed. *See* D.C. Code § 11-1502 (2012 Repl.).

PER CURIAM: The Ad Hoc Hearing Committee issued its Report concluding that Respondent recklessly misappropriated and commingled entrusted funds in violation of Rule 1.15(a), and interfered with the administration of justice by failing to keep adequate records of entrusted funds in violation of Rule 8.4(d). Specifically, the Hearing Committee found that respondent, who was hired to establish a special needs trust to receive the proceeds from a confidential settlement agreement, paid himself attorney fees both prior to the approval of the trust, in violation of the settlement agreement, and after the trust was created without the required prior approval of the court. In addition, Respondent deposited trust funds into his operating account, the balance fell below the amount of entrusted funds, and respondent failed to maintain records on the trust account, resulting in the appointment of the Auditor-Master to account for and reconstruct the expenditures from the trust with the assistance of successor-trustee and the ward's family. The Committee recommended that Respondent be disbarred. The Board of Professional Responsibility adopted the Committee's findings and also found that Respondent intentionally misappropriated entrusted funds when he paid himself pre-trust attorney fees. The Board concurred that Respondent should be disbarred. Respondent has not filed exceptions to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We are satisfied that the record supports the determination that Respondent engaged in at least reckless misappropriation of entrusted funds. The presumptive sanction for both intentional and reckless misappropriation of entrusted funds is disbarment.[1] We therefore grant petitioner's motion to adopt the Board's Report and Recommendation and accept the recommendation that respondent be disbarred.[2]

Accordingly, it is

---

[1] *See, e.g., In re Addams*, 579 A.2d 190 (D.C. 1990) (en banc) (disbarment the presumptive discipline for all but negligent misappropriation).

[2] In an earlier reciprocal discipline case from the state of Maryland wherein Respondent consented to an indefinite suspension for reckless or intentional misappropriation, this court indefinitely suspended Respondent as reciprocal discipline with reinstatement contingent on a showing of fitness and the right to seek reinstatement after five years or reinstatement by the state of Maryland. *In re Smith*, 248 A.3d 923 (D.C. 2021).

ORDERED that respondent Timothy Guy Smith is hereby disbarred. Respondent's attention is directed to the requirements of D.C. Bar. R. IX § 14 and their effect on eligibility for reinstatement. See D.C. Bar. R. IX § 16(c).