*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 21-BG-854

IN RE ARCHIE L. RICH, II, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 471754)

On Report and Recommendation
of the Board on Professional Responsibility

(DDN 3-13 & 181-13)

(Decided January 27, 2022)

Before: MCLEESE and DEAHL, *Associate Judges*, and WASHINGTON, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that respondent Archie L. Rich, II be disbarred from the practice of law in this jurisdiction but that his disbarment be stayed in lieu of supervised probation for a period of three years with conditions. Before the Ad Hoc Hearing Committee, Mr. Rich stipulated to numerous violations, including reckless or intentional misappropriation. Mr. Rich then presented mitigation evidence, pursuant to *In re Kersey*, 520 A.2d 321 (D.C. 1987), to argue that he should not be disbarred. The Committee found that respondent had established that he was suffering from a

disability at the time of his misconduct, his disability was a substantial cause of his misconduct, and he was substantially rehabilitated. The Committee concluded that Mr. Rich should be disbarred but that the mitigation evidence supported suspending Mr. Rich's disbarment in favor of a three-year period of supervised probation with conditions. *In re Kersey*, 520 A.2d at 326-27. The Board on Professional Responsibility accepted the Committee's findings and recommendation. Mr. Rich and Disciplinary Counsel have not filed an exception to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) (per curiam) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). We are satisfied that the record supports the Board's Report and Recommendation. We therefore accept that recommendation.

Accordingly, it is

ORDERED that respondent Archie L. Rich, II is hereby disbarred from the practice of law in this jurisdiction, with the disbarment stayed in lieu of supervised probation for a period of three years, subject to the following conditions: Mr. Rich must (1) not commit any other disciplinary violations; (2) maintain his sobriety; (3) continue with sobriety monitoring; (4) meet with a representative from the D.C. Lawyers Assistance Program as necessary to maintain sobriety; (5) attend AA as needed to maintain sobriety or as recommended by the Lawyers Assistance Program or other involved experts; (6) attend and complete a CLE course on fund management approved by Disciplinary Counsel; (7) within ninety days of this opinion, complete and provide Disciplinary Counsel with a review of the accounts and settlements audited by his accounting firm (MillerMusmar), unless already provided; and (8) within eighteen months of this opinion, provide Disciplinary Counsel with documentation reflecting the payment of restitution, with interest calculated from the date the discounted amount was paid, to all medical providers identified in Count II where Mr. Rich paid a discounted amount (if the provider cannot be located, the amount should be deposited with the D.C. Bar Client Security Fund).