*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-BG-31

IN RE RICHARD L. MORRIS, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 491646)

On Report and Recommendation
of the Board on Professional Responsibility

(DDN 136-19, etc.)

(Decided April 7, 2022)

Before: BECKWITH and MCLEESE, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that respondent Richard L. Morris be disbarred from the practice of law in this jurisdiction and ordered to pay restitution to his clients or the D.C. Bar Clients' Security Fund as a condition of reinstatement. The Board determined that Mr. Morris violated numerous Rules of Professional Conduct, including intentional misappropriation of entrusted client funds, in violation of Rule 1.15(a) and (e). Mr. Morris has not filed any exception to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Disbarment is the presumed sanction for intentional misappropriation. *E.g.*, *In re Agwumezie*, 268 A.3d 823, 824 (D.C. 2022). Given the absence of any exception, we accept the recommendation that Mr. Morris be disbarred and required to pay restitution as a condition of any reinstatement.

Accordingly, it is

ORDERED that respondent Richard L. Morris is hereby disbarred from the practice of law in this jurisdiction and that, as a condition of any reinstatement, he pay restitution to his clients or the D.C. Bar Clients' Security Fund. Mr. Morris's attention is directed to the requirements of D.C. Bar R. XI, § 14, and their effect on eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*