*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-BG-171

IN RE J.B. DORSEY, III, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 265181)

On Report and Recommendation of the Board on Professional
Responsibility Hearing Committee Number Three
Approving Petition for Negotiated Discipline
(DDN-112-14)

(Decided May 12, 2022)

Before EASTERLY and ALIKHAN, *Associate Judges*, and THOMPSON, *Senior Judge*.

PER CURIAM[1]: In this disciplinary matter, a Hearing Committee of the Board on Professional Responsibility recommends approval of negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent, J.B. Dorsey III, voluntarily acknowledges that he failed to maintain complete records of his handling of

---

[1] "An opinion imposing negotiated discipline may not be cited as precedent in contested-discipline cases except as provided in" D.C. App. R. 28(g). *See* D.C. Bar R. XI, § 12.1(d). This opinion may, however, be cited as precedent in negotiated-discipline cases.

entrusted funds. Specifically, Mr. Dorsey acknowledges that he was unable to explain the discrepancies in his accounting of entrusted client funds and his bank's accounting of the same funds. Mr. Dorsey admits that he therefore violated D.C. R. Prof. Conduct 1.15(a) (record-keeping). Mr. Dorsey and Disciplinary Counsel agree that he should be publicly censured and subject to a one-year period of unsupervised probation with conditions.

This court reviews a Committee's recommendation for approval of a petition for negotiated discipline "in accordance with its procedures for the imposition of uncontested discipline." D.C. Bar R. XI, § 12.1(d). Under those procedures, "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." D.C. Bar R. XI, § 9(h)(2). "This rule is not absolute—we would not impose discipline that is clearly against the law or the public interest, for example, merely because no party took exception to it . . . ." *In re Stephens*, 247 A.3d 698, 701 (D.C. 2021) (per curiam). Nevertheless, if "there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential." *In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) (per curiam).

Here, we discern no grounds to question the recommended negotiated sanction. Accordingly, it is

ORDERED that J.B. Dorsey III is hereby publicly censured and shall serve a one-year period of unsupervised probation subject to the following agreed upon conditions. Mr. Dorsey must:

> (a) not be the subject of a disciplinary complaint that results in a finding that he violated the disciplinary rules of any jurisdiction in which he is licensed to practice during the probationary period; (b) take the new admittees['] continuing legal education (CLE) course, and provide Disciplinary Counsel proof of attendance at the CLE within 30 days; (c) notify Disciplinary Counsel promptly of *any* ethics complaint against him and its disposition; (d) consult with . . . the D.C. Bar's Practice Management Advisory Service to conduct a review of his practices surrounding how to handle—and document the processing of—entrusted funds, and waive confidentiality regarding all aspects of that review; and (e) within 30 days of the Court's order of public censure, notify Disciplinary Counsel in writing of all jurisdictions in which he is or has been licensed to practice, and all tribunals before which Respondent has appeared as legal counsel within the last 365 days.

*So ordered.*