*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-BG-0243

IN RE CHRISTOPHER D. LIBERTELLI, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 451341)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN: 20-BD-050; DDN: 2019-D072)

(Decided June 8, 2023)

Before BECKWITH, EASTERLY, and MCLEESE, *Associate Judges*.

PER CURIAM: The Board on Professional Responsibility recommends that Christopher D. Libertelli be disbarred from the practice of law for flagrant dishonesty.  This court has previously concluded that disbarment is the appropriate sanction for flagrant dishonesty.[1]  Before the Board, respondent argued that his

---

[1] *In re White*, 11 A.3d 1226, 1233 (D.C. 2011) ("Where this court has concluded that the attorney's conduct falls into a category of dishonesty of a flagrant kind it has held disbarment to be the appropriate sanction."); *see also In re Howes*, 52 A.3d 1, 15 (D.C. 2012) ("[W]here such dishonesty is aggravated and prolonged, disbarment is the appropriate sanction."); *In re Corizzi*, 803 A.2d 438, 443 (D.C. 2002) (imposing disbarment for dishonesty after attorney suborned perjury from two of his clients and observing that the attorney need not financially benefit from the

sanction should be mitigated based on *In re Kersey*, 520 A.2d 321 (D.C. 1987). The Board concluded that he failed to establish two of the three factors required for *Kersey* mitigation.[2] Respondent has not filed any exceptions to the Board's Report and Recommendation nor has he filed the required D.C. Bar R. XI, § 14(g), affidavit after the court imposed an interim suspension on May 17, 2023.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed, disbarment is the appropriate sanction for flagrant dishonesty, and respondent did not carry his burden

---

dishonesty in order to be disbarred); *In re Goffe*, 641 A.2d 458, 464 (D.C. 1994) (imposing disbarment after attorney "repeated[ly] resort[ed] not only to false testimony but to the actual manufacture and use of false documentary evidence in official matters").

[2] *See In re Schuman*, 251 A.3d 1044, 1055 (D.C. 2021) ("In order to qualify for a reduced sanction under the *Kersey* doctrine, an attorney must demonstrate (1) by clear and convincing evidence that he had a disability; (2) by a preponderance of the evidence that the disability substantially affected his misconduct; and (3) by clear and convincing evidence that he has been substantially rehabilitated." (internal quotation marks omitted)).

to establish the requirements for *Kersey* mitigation, we accept the recommendation that respondent be disbarred.

Accordingly, it is

ORDERED that respondent Christopher D. Libertelli is hereby disbarred from the practice of law in this jurisdiction. Respondent's attention is directed to the requirements of D.C. Bar R. IX, § 14, and their effect on eligibility for reinstatement. *See* D.C. Bar R. IX, § 16(c).

*So ordered.*