*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 24-BG-0104

IN RE JAMES A. MOODY, RESPONDENT.

An Administratively Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 294504)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN No. 23-BD-022; DDN No. 2022-D222)

(Decided April 11, 2024)

Before: BECKWITH and MCLEESE, *Associate Judges*, and FISHER, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that James A. Moody be disbarred from the practice of law for intentional misappropriation and violation of D.C. R. Prof. Conduct 1.5(b), 1.15(a), (c), and (d), 8.1(b), and 8.4(c) and (d), and D.C. Bar R. XI, § 2(b)(3). The Board also recommends that, if respondent seeks reinstatement, information concerning whether he has made his client whole should be considered. This court has previously concluded that disbarment is the appropriate sanction for intentional

misappropriation.[1]  Disciplinary Counsel has requested that the court make restitution a condition of reinstatement.  Respondent has not filed any exceptions to the Board's Report and Recommendation or responded to Disciplinary Counsel's request that restitution be a condition of reinstatement.  Nor has he filed the required D.C. Bar R. XI, § 14(g) affidavit.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions."  *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential.").  Because no exceptions have been filed and disbarment is the appropriate sanction for intentional misappropriation, we accept the Board's recommendation that respondent be disbarred.  Although we decline to make restitution a condition of reinstatement, we reiterate the Board's statement that, should respondent seek reinstatement, a demonstration that he has made his client whole will be highly relevant evidence.

Accordingly, it is

---

[1] *See In re Anderson*, 778 A.2d 330, 338 (D.C. 2001).

ORDERED that respondent James A. Moody is hereby disbarred from the practice of law in this jurisdiction. Respondent's attention is directed to the requirements of D.C. Bar R. XI, § 14 and their effect on eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*