*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 25-BG-0469

IN RE FREDRIC GUMBINNER, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 428327)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN: 23-BD-071; DDN: 2023-D194)

(Decided December 18, 2025)

Before: HOWARD and SHANKER, *Associate Judges*, and RUIZ, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that Fredric Gumbinner be disbarred from the practice of law following his conviction for bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(2). The Board has concluded that 18 U.S.C. § 666(a)(2) constitutes a crime of moral turpitude per se because it requires evidence that the defendant paid or offered a bribe,[1] and, in the alternative, that the undisputed facts underlying the

---

[1] *See Snyder v. United States*, 603 U.S. 1, 19-20 (2024) (holding that 18 U.S.C. § 666 "proscribes bribes to state and local officials," but not gratuities).

offense involved moral turpitude. Respondent has not filed any exceptions to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed, we accept the Board's determination that the undisputed facts of this case constitute an offense of moral turpitude.[2] Therefore, we impose the required sanction and disbar respondent from the practice of law. *See* D.C. Code § 11-2503(a).

Accordingly, it is

ORDERED that respondent Fredric Gumbinner is hereby disbarred from the practice of law in this jurisdiction. Respondent's attention is directed to the

---

[2] *See, e.g.*, *In re Tucker*, 766 A.2d 510, 513 (D.C. 2000) (defining a crime of moral turpitude as, inter alia, "[c]onduct contrary to justice, honesty, modesty, or good morals"). We express no opinion on the Board's determination that a violation of 18 U.S.C. § 666(a)(2) involves moral turpitude per se. *See, e.g.*, *In re Moir*, 258 A.3d 161, 162 (D.C. 2021) ("Because no exceptions have been filed, we need not . . . reach the issue of whether this offense constitutes a crime of moral turpitude per se or as applied to respondent's actions, as both support the recommendation of disbarment.").

requirements of D.C. Bar R. XI, § 14 and their effect on eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).  It is

FURTHER ORDERED that the underlying proceeding which resulted in respondent's suspension pursuant to D.C. Bar R. XI, § 10(c), *In re Gumbinner*, No. 24-BG-0489, is dismissed as moot.

*So ordered.*